IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VARAZDAT DAVTIAN,

        Plaintiff,

    v.

SAFECO INSURANCE COMPANY OF
OREGON,

        Defendant.

_____

Civ. No. 6:13-cv-00516-MC

OPINION AND ORDER

**MCSHANE, Judge:**

    This case concerns defendant Safeco Insurance Company of Oregon's alleged breach of the terms of plaintiff Varazdat Davtian's insurance policy. Davtian's home burned in two fires over the course of a few hours in November 2011. Davtian seeks up to $750,000 for the house and $350,000 for personal property lost in the fire. After paying months of replacement housing costs, Safeco's denied Davtian's claim. Pending are cross motions for summary judgment.

1 – OPINION AND ORDER

Davtian seeks summary judgment on Safeco's affirmative defense of arson. Because there are plenty of admissible facts from which a jury could reasonably conclude Davtian intentionally burned the house down, Davtian's Motion for Partial Summary Judgment, ECF No. 60, is DENIED.

Safeco seeks summary judgment limiting any recovery for personal property to that property owned by Davtian. Because Davtian did not have an insurable interest in the vast majority of personal property at the home, Safeco's Motion for Partial Summary Judgment, ECF No. 61, is GRANTED.

## BACKGROUND

Davtian purchased the home at issue in from Gasper Papazyan, Davtian's brother-in-law. Because Davtian could not obtain a bank loan, the purchase was made on a contract for a deed. Prior to the fire, Davtian made only a few trips to the property to move some personal belongings. The rest of Davtian's family continued living in Los Angeles.

Davtian soon purchased an insurance policy on the home. Prior to that time, including the three years Papazyan owned the home, the home was uninsured.

On the night of November 16-17, 2011, four months after Davtian purchased the home, it burnt to the ground in two fires. A group of Davtian's friends visited the property in the days prior to the fires. At approximately 11:30 p.m. on the night of November 16, 2011, a neighbor reported the fire at Davtian's home. No one was at the home at the time of the fire. The fire department responded to and extinguished the first fire, leaving the scene at 3:50 a.m. on the morning of November 17. Less than two hours later, the fire department responded to a second fire at Davtian's home. Although damage was somewhat minimal after the first fire, the second fire burned the home to the ground.

2 – OPINION AND ORDER

Adjusters International submitted a contents inventory claim on Davtian's behalf for roughly $350,000.00 in personal property lost in the fire. (Def. Ex. 40, ECF No. 84-1.) At his deposition, Davtian admitted owning, at most, roughly 5% of the personal property in the home. (Varazdat Davtian Depo., Ex. 13, 90:2-3, 127:2-15.)

In the months after the fires, Safeco paid more than $28,000 in replacement housing expenses for Davtian and his family. Safeco ultimately denied Davtian's claim, and Davtian filed this action. Pending before me are cross motions for partial summary judgment.

## STANDARD OF REVIEW

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id*. The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Comartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

## I.    Davtian's Motion for Partial Summary Judgment

Davtian argues no admissible evidence supports Safeco's affirmative defense of arson. Davtian argues the declaration of Fire Chief Jack Carriger is inadmissible and the report of Safeco's fire expert does not permit a jury to determine arson was the cause of the fire.

3 – OPINION AND ORDER

Davtian's argument challenging Safeco's expert report is premature. First, most of Davtian's argument in this respect appears more suitable to cross examination than a motion for summary judgment. Second, a *Daubert*[1] motion is the proper vehicle for challenging the general admissibility of Safeco's expert report. Because ample evidence supports Safeco's affirmative defense of arson however, I do not consider Safeco's expert report here.

Safeco submitted a declaration from Jack Carriger, Fire Chief for the Stayton Fire District. (Carriger Decl., ECF No. 72.) Carriger responded to both fires. Much of Carriger's declaration is admissible as it comes in the form of personal observations gathered on the night of the fires. Carriger states he "thoroughly checked the entire structure" and "personally ensured that the first fire was completely out . . . ." (Carriger Decl., ¶¶ 5, 7.) Carriger states, "the night of November 16-17, 2011 was an extremely rainy night which would have further protected the house from the first fire restarting." (Carriger Decl., ¶ 7.) Even assuming Carriger's opinion as to the origin of the second fire is inadmissible at this stage, Carriger's admissible statements could lead a jury to conclude Davtian started the fire intentionally.

Plenty of additional admissible evidence, when viewed in the light most favorable to Safeco, could lead a jury to find it more likely than not that arson was involved. For example, the purchase of the home itself was unusual and it is at least questionable whether Davtian could afford the home as alleged. Despite being uninsured for years, the fire occurred just a few months after Davtian obtained the policy. There is ample evidence suggesting the contents inventory grossly overvalued much of the property claimed. The events on the night of the fire, which involved one unidentified man who shortly thereafter allegedly returned to Armenia, were

---

[1] In *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), the Supreme Court laid out the procedures wherein federal judges act as gatekeepers in admitting or excluding certain scientific opinion evidence.

4 – OPINION AND ORDER

suspicious. Some of Davtian's acquaintances did not stay to speak with investigators, instead they left immediately following the fire and drove hundreds of miles to Los Angeles in the middle of the night.

The circumstantial evidence, especially when viewed in the light most favorable to Safeco, raises numerous red flags. Davtian's argument that because Safeco may be unsure of *what* caused the fire, it cannot prove *who* started the fire is off base. As I stated at oral argument, murder trials go forward with less evidence. Because plenty of admissible evidence suggests the fire at issue was intentional, Davtian's Motion for Partial Summary Judgment is DENIED.

## II.     Safeco's Motion for Partial Summary Judgment

Safeco moves for partial summary judgment precluding Davtian from recovering for any personal property he did not own at the time of the fire. The policy limits liability to "the amount of the *insured's* interest at the time of the loss[.]" (Policy; Section I Property Conditions, § 4; Safeco_Client File_001626.) This provision is consistent with Oregon law, which states "No policy of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss. Or. Rev. St. 742.011.

> It is well settled that any one has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction. It is sufficient to constitute an insurable interest in property that the insured is so situated with reference to the property that he would be liable to loss should it be injured or destroyed by the peril against which it is insured.

*Bird v. Central Mut. Ins. Co.*, 168 Or. 1, 6 (1942).

In other words, the insured must have a "direct pecuniary interest in the preservation of the insured property. *Fenter v. General Acc. Fire & Life Assur. Corp.*, 258 Or. 545, 550 (1971). In addition to having an insurable interest, the insured must suffer an actual loss, and any

5 – OPINION AND ORDER

recovery is limited to the actual loss sustained. *Transportation Equipment Rentals, Inc. v. Oregon Auto. Ins. Co.*, 257 Or. 288, 295-96 (1970) (internal citation omitted).

The parties agree Davtian owned, at most, roughly 5% of the personal property destroyed in the fire. At his deposition, Davtian stated he did not know if he owned one or two percent of the property, and guessed at maybe 5%. (Def.'s Motion for SJ, Ex. 2, 2-3, ECF No. 62-2.) Gasper Papazyan, whose wife sold the house to Davtian, agreed that approximately 95% of the personal property was his (Gasper's). (*Id*. at Ex. 3, 6, ECF No. 62-3.)

Davtian's newphew Ara Papazyan (son of Gasper) filled out the 21-page line-by-line inventory document submitted to Safeco on Davtian's behalf. Ara filled out the inventory because Davtian moved in only a few months before the fire and Ara was more familiar with the house and the personal property. At Ara's deposition, he went through with a highlighter and marked everything in the inventory owned by Gasper, and then marked everything owned by Davtian. Ara used a separate highlighter for items with uncertain ownership. (*See* Def.'s Motion for SJ, Ex. B to Ex. 4, 4-24, ECF No. 62-5.) Although Davtian's submitted inventory totaled nearly $350,000, Ara's highlighting included only $11,795.64 worth of personal property either belonging to Davtian or of unsure ownership.

Davtian argues he was a "gratuitous bailee" and could be liable to Gus Papazyan for any damages to Papazyan's property while in Davtian's possession. Because a gratuitous bailee owes a duty of exercising reasonable care to the bailor, Davtian states he could incur liability to Papazyan if the fire was caused by Davtian's failure to exercise reasonable care in protecting Papazyan's property. That, according to Davtian, is enough to create an insurable interest in the property. I disagree.

In *Bird*, the insured had an insurable interest in a car owned by his employer only after assuming direct liability for any damage to the vehicle while in his possession. 168 Or. at 6. In fact, the employer only loaned the car to the insured under the express condition that the insured would fully insure the vehicle and be personally liable for any damage. *Id.* at 3. That direct assumption of liability, not present here, created an insurable interest in the property owned by another. *Id.* at 6 ("As such bailee of the property *and under the terms of the bailment*, the plaintiff, although not the general owner thereof, had an insurable interest in the automobile at the time the policy was issued." (emphasis added).)

Davtian errs in assuming that because the bailee in *Bird* had an insurable interest due to an express assumption of liability, all bailees therefore have an insurable interest in the property of bailors. As noted, the court in *Bird* rested its holding on the fact, not present here, that Bird assumed direct liability as a condition precedent for obtaining permission to use the bailor's vehicle. *Bird*, 168 Or. at 6.

Davtian had no such direct liability as to Papazyan's personal property. In fact, Davtian had no pecuniary interest at all in Papazyan's property. Davtian's alleged interest stems only from potential liability to Papazyan for failing to exercise reasonable care in holding Papazyan's property. Such remote liability, however, is not a "natural consequence" of the fire. *Fenter*, 258 Or. at 313. Davtian's potential loss arises not from the fire directly, but from a potential failure to exercise reasonable care resulting in potential future liability to Papazyan. Davtian points to no case holding such a remote interest is sufficient to create an insurable interest in property. As Davtian has no insurable interest in Papazyan's personal property, I look to the policy to determine if other provisions apply.

The issue of whether property of one other than an insured is covered turns on the language of the policy. *Transportation Equipment Rentals, Inc.*, 257 Or. at 300-01. The policy at issue provides for coverage of the personal property of those other than the insured:

> 2. At your request we cover:
>
> a. personal property owned by others while the property is on that part of the *residence premises* occupied exclusively by any *insured*;
>
> b. personal property owned by a guest or a *residence employee*, while the property is at any residence occupied by any *insured*.

(Policy, Policy, Personal Property We Cover, Coverage, Safeco-Client File_001619 (emphasis in original).)

Davtian presents no evidence demonstrating he requested, at any time prior to the fire, that Safeco cover Papazyan's property. Davtian argues he requested such coverage when he submitted a contents inventory in the months after the fire. A contents inventory, however, is not a request for coverage, which must be made prior to liability attaching. Interpreting nearly identical policy language, the Eleventh Circuit concluded the policy there clearly stated that as a condition precedent to coverage, the insured must submit such a coverage request *before* the property was damaged, in part to provide the insurer notice and an opportunity to adjust the insured's premium. *Thrasher v. State Farm Fire and Casualty, Co.*, 734 F.2d 637, 639 (1984). The *Thrasher* interpretation is the only sound interpretation of the policy language, as the insurer has to have the opportunity to know what in fact it is insuring.

Additionally, nowhere on the contents inventory submitted does it identify any property owned by someone other than Davtian. Randell Gower, Public Insurance Adjuster for Plaintiff, hired by Davtian to submit the contents inventory on Davtian's behalf, submitted a declaration stating he did not request Safeco provide coverage for Paypazyan's property. (Gower's Decl., ¶

8 – OPINION AND ORDER

5; ECF No. 68, 2.) Davtian submits no evidence demonstrating he requested coverage of Papazyan's property in accordance with the terms of the policy.

Davtian also argues that because he used Papazyan's property at the time of the fire, Papazyan's property is covered. Davtian relies on policy language stating "Personal property owned or used by any *insured* is covered while it is anywhere in the world." (Policy, Personal Property We Cover, Coverage C(1).) Davtian's argument is misplaced. This argument bypasses the requirement, under the policy and Oregon law, that there must be an insurable interest in the property. Additionally, the particular sentence relied on by Davtian must be read not in isolation, but in the context of the policy as a whole. The policy requires the insured to specifically request personal property of another be covered prior to liability attaching.[2]

Because the policy and Oregon law allow Davtian to recover only for property in which he had an insurable interest, and because Davtian admits owning roughly 5% of the personal property in the contents inventory, Safeco's Motion for Partial Summary Judgment is GRANTED.

## CONCLUSION

Davtian's Motion for Partial Summary Judgment, ECF No. 60, is DENIED. Safeco's Motion for Partial Summary Judgment, ECF No. 61, is GRANTED.

IT IS SO ORDERED.

DATED this 13th day of March, 2014.

_____/ Michael J. McShane____
Michael J. McShane
United States District Judge

---

[2] Safeco points out Davtian's interpretation "would lead to absurd results, such as extending coverage to damage caused to a chair that broke while plaintiff was sitting in it at a Starbucks coffee shop, or to a television set that broke while plaintiff was watching it [at] a friend's house or sports bar." (Safeco's Reply, 8.) I agree.