IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VARAZDAT DAVTIAN,

    Plaintiff,

  v.

SAFECO INSURANCE COMPANY OF OREGON,

    Defendant.
_____

Civ. No. 6:12-cv-1211-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Following the jury verdict for defendant, plaintiff moves for a new trial. Defendant moves for costs. Plaintiff's motion for a new trial is DENIED. Defendant's motion for costs is GRANTED.

**I. MOTION FOR NEW TRIAL**

Davtian argues the court erred in allowing evidence of the prior fire. For reasons discussed at the pretrial conference, the evidence of the prior fire was relevant to show the conspiracy and to show motive, plan, and lack of mistake under rule 404(b)(2). The similarities between the fire include: both fires occurred in the same area and involved properties sold by Papazyan to friends who lacked the means to afford the properties; both fires occurred shortly

1 – OPINION AND ORDER

after the Papazyan-financed transactions, and shortly after insurance had been purchased; both fires occurred under unusual circumstances, in the middle of the night, when no one was home[1]; both newly insured parties presented inflated requests for coverage to their insurers; and both fires involved rent payments made by the insurer to other members of the conspiracy.

Papazyan was directly involved in both instances and, based on all the evidence, actively directed Davtian in all of Davtian's dealings with the adjuster and the insurer. It is undisputed that Papazyan and his son acted as Davtian's agent when dealing with the insurance company. Papazyan's son obtained the policy, and Papazyan was largely responsible for interacting with the insurance company and adjuster after the fire. In short, there was compelling evidence that both fires were part of a conspiracy, directed and managed by Papazyan, to defraud insurance companies by intentionally burning homes and then presenting inflated insurance requests to the company.

Davtian also argues Ron Smith, defendant's expert, should not have been allowed to testify on the cause and origin of the second fire. Davtian waived this argument by not requesting a *Daubert*[2] motion before the trial. Three months before trial, both at oral argument on cross motions for summary judgment, and in my written opinion on those motions, I instructed plaintiff that should he seek to exclude Smith from testifying, a *Daubert* motion was the proper vehicle for challenging Smith's testimony. Rather than file a pretrial *Daubert* motion, Davtian waits until after a ten-day jury trial to, in effect, make his *Daubert* motion. This argument is waived.

---

[1] The first fire occurred when Topchain allegedly lit a candle and then left the house in the middle of the night to buy cat food for a cat no one other than Topchain ever saw.

[2] In *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), the Supreme Court laid out the procedures wherein federal judges act as gatekeepers in admitting or excluding certain scientific opinion evidence.

2 – OPINION AND ORDER

Additionally, the jury heard extensive evidence regarding NFPA 921 and whether Smith did or did not follow it. The jury clearly weighed this evidence. By choosing not to file a pretrial *Daubert* motion, Davtian was entitled to nothing more.

It is clear that the jury reasonably concluded that, if nothing else, the odd rekindling of this fire led to the conclusion that Davtian and Papayzan intended to burn the home to the ground. That no one could point to the exact origin of the fire within the home, and that no one was there to see who struck the match, ultimately did not sway the jury to judge the facts in a manner favorable to Davtian.

Davtian argues the court erred in allowing Fire Chief Carriger to state his opinion on the cause of the fire. Chief Carriger had firsthand knowledge of the fires and many years of knowledge and experience in responding to fires. His testimony was admissible under rules 701 (allows witness to testify as to opinion based on firsthand knowledge) and rule 702 (allows witness to testify on area of specialized knowledge or fact).

Davtian also argues the jury verdict was not supported by the clear weight of the evidence. I strongly disagree. There was substantial—if not clear and convincing—evidence that Davtian and Papazyan conspired to intentionally burn the home and submit inflated requests to the insurer. There were numerous examples of material misstatements on the part of Davtain and Papazyan, who indisputably acted in concert in interactions with the insurer. Perhaps most significant was the request related to the piano Papazyan purchased at a garage sale. The piano submission, on its own, was enough to void the policy. The fact that Davtian submitted an inventory totaling nearly $350,000 despite owning property worth, at most, $12,000 is another issue altogether. Davtian's adjuster noted as much in her testimony.

3 – OPINION AND ORDER

Davtian's theory was that he made no misrepresentations, instead relying on his adjuster and others. Davtian also argued that because no one knew who started the fire, and because the total burn rendered finding the ignition point impossible, a finding of arson here was impossible. The jury roundly rejected those theories and the verdict was certainly supported by the clear weight of the evidence.

Davtian's motion for a new trial, ECF No. 206, is DENIED.

## II. BILL OF COSTS

Defendant moves for $46,199.14 in costs. *See* ECF No. 203, 1. Davtian objects to several of the costs.

Davtian objects to $2,875 in fees for service and summons on the basis that Defendant did not use the Marshal for service and there is no explanation regarding why the summons were necessary. As far as the court is aware, the Marshal only serves individuals in civil cases involving a party proceedings *in forma pauperis*. Prevailing parties may recover costs of service via private process servers. *Alfex v. Underwriters Laoratory*, 914 F.2d 175, 177-78 (9th Cir. 1990). Defendant submitted the requisite documentation showing it avoided process fees when possible and only used a process server in 12 of 44 pretrial and trial supboenas. ECF No. 209, 1-2. These costs are recoverable under 28 U.S.C. § 1920(1).

Davtian objects to the fees for printed or electronically recorded transcripts. Most of the depositions were used at trial. Although four requested depositions were not used at trial, defendant demonstrates they were in fact reasonably necessary at the time the depositions were taken. *See* ECF No. 208, 4. As a deposition need only be reasonably necessary when taken, and not necessarily used at trial, *Davico v. Glaxosmithkline Pharm.*, 2008 WL 624049 at 1 (D. Or. 2008), defendant may recover these costs. Davtian also objects to the videography fees. Unlike

4 – OPINION AND ORDER

the two cases cited by Davtian, the videotaped depositions were actually used in this case. I conclude the videography fees were reasonably necessary in this case. *See Adidas America, Inc. v. Payless Shoesource, Inc.*, 2009 WL 302246 at 3 (D. Or. 2009).

Davtian objects to some of the requested witness fees. Defendant adequately supported the witness and mileage fees. *See* Schauermann Decl., ECF No. 203-1, 2-5. Additionally, defendant demonstrated that although two of the witnesses actually did not testify at trial, it was only determined that their testimony was unnecessary after Michael Boniface took the stand and testified as to when the fire fighters left the fire. Reply, 6.

Davtian argues the copying fees should be denied as defendant is simply outsourcing its own management services. I disagree. This was a ten-day trial. There were thousands of pages of documents. The charges here related to documents reasonably necessary for trial. Outsourcing large copying tasks does not mean the charges incurred are not recoverable under § 1920(4). *Adidas America, Inc.*, 2009 WL 3002246 at * 3. I conclude these charges are reasonable here.

Davtian objects to charges defendant incurred obtaining documents from JP Morgan and Wells Fargo. I agree with defendant that it was forced to turn to JP Morgan and Wells Fargo only after Davtian failed to provide the requested documentation, and only after filing multiple motions to compel. The documents were reviewed by one of defendant's experts who testified at trial. Davtian could have avoided these costs by providing the documents to defendant.

Davtian objects to interpreter costs, but these costs are expressly allowed under § 1920(6).

Defendant's motion for costs of $46,199.14 is GRANTED.

5 – OPINION AND ORDER

## CONCLUSION

Davtian's motion for a new trial, ECF No. 206, is DENIED. Defendant's motion for costs is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of December, 2014.

__/s/ Michael J. McShane___<br>Michael J. McShane<br>United States District Judge

6 – OPINION AND ORDER